RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 6/18/14

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

**TRAVIS DENORRIS ARNOLD**           DOCKET NO. 14-CV-719; SEC. P

**VERSUS**                            JUDGE DEE D. DRELL

**U.S.A.**                            MAGISTRATE JUDGE JAMES D. KIRK

### REPORT AND RECOMMENDATION

Before the Court is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. §2241 by Travis Denorris Arnold. Petitioner is an inmate in the custody of the Federal Bureau of Prisons (BOP), incarcerated at the United States Penitentiary in Pollock, Louisiana. He challenges his conviction and sentence from the United States District Court for the Western District of North Carolina.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

*Factual Background*

In 2008, while on supervised release from a 2004 bank robbery conviction, Petitioner was charged with another bank robbery. Arnold was convicted of the 2008 bank robbery, and sentenced as a career offender to 230 months of imprisonment. See U.S. v. Arnold, 378 Fed.Appx. 361 (4th Cir. 2010)(affirming conviction and sentence). His supervised release on the 2004 robbery was revoked, and he was sentenced to fifteen months of imprisonment.

On November 16, 2010, Petitioner sought relief from the second

bank robbery conviction pursuant to 28 U.S.C. §2255, raising several claims of ineffective assistance of counsel, as well as a claim of insufficient evidence. See Arnold v. U.S., 2012 WL 3265009 (M.D.N.C. 1/31/12). Relief was denied on August 9, 2012. See Arnold v. U.S., 2012 WL 3265007 (M.D.N.C. 08/09/12).

Petitioner then filed a petition, purportedly pursuant to 28 U.S.C. §2241, in this district court on September 19, 2013, seeking to renounce his citizenship, social security number, and his name. The case was dismissed as frivolous. [1:13-cv-2727] On March 11, 2014, Arnold filed a civil rights suit pursuant to Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971), and the Federal Tort Claims Act. He was ordered to amend his complaint, and that case remains pending. [1:14-cv-536] Also on March 11, 2014, Arnold filed a civil rights petition against several judges from the United States Fourth Circuit Court of Appeals. It was recommended that the case be dismissed as frivolous. [1:14-cv-538] On March 24, 2014, Arnold filed the instant habeas petition challenging his conviction based on an allegedly insufficient indictment.

### *Law and Analysis*

Habeas corpus petitions filed pursuant to 28 U.S.C. §2241 are generally used to challenge the manner in which a sentence is executed. See Warren v. Miles, 230 F.3d 688, 694 (5th Cir. 2000). A Motion to Vacate Sentence filed pursuant to 28 U.S.C. §2255

provides the primary means of collaterally attacking a federal conviction and sentence. See Tolliver v. Dobre, 211 F.3d 876, 877 (5th Cir. 2000). Petitioner is not challenging the manner in which his sentence is being executed; rather, he is challenging the sufficiency of his indictment for bank robbery, thereby attacking the underlying conviction and sentence.

Section 2244(a) prohibits the filing of a second or successive §2241 petition if the issue raised was or could have been decided in a prior federal habeas action. Arnold's claim challenging the sufficiency of his indictment was available to him when he filed his initial 2255 petition[1] and could have been raised in that petition. As a result, the petition filed before this court is second or successive. See Crone v. Cockrell, 324 F.3d 833, 836 (5th Cir. 2003). Thus, Arnold needs permission of the appropriate court of appeal to file another petition pursuant to Section 2255. See 28 U.S.C. §2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.").

In very narrow circumstances, a federal prisoner may attack his conviction or sentence under §2241, thereby avoiding the restrictions attendant to successive §2255 motions. This is done

---

[1] Arnold v. U.S., 2012 WL 3265009 (M.D.N.C. 1/31/12); Arnold v. U.S., 2012 WL 3265007 (M.D.N.C. 08/09/12)(adopting Report and Recommendation),

through the "savings clause" of §2255. The "savings clause" applies when "the remedy by motion is inadequate or ineffective to test the legality of [the petitioner's] detention." 28 U.S.C. §2255. To take advantage of the savings clause under 28 U.S.C. §2255, a petitioner must demonstrate that "(1) his claims are based on a retroactively applicable Supreme Court decision which establishes that he may have been convicted of a nonexistent offense, and (2) his claims were foreclosed by circuit law at the time when the claims should have been raised in his trial, appeal, or first § 2255 motion." Wesson v. U.S. Penitentiary Beaumont, TX, 305 F.3d 343, 347 (5th Cir.2002), cert. denied, 123 S.Ct. 1374 (2003). Petitioner has not identified any retroactively applicable Supreme Court decision establishing that he may have been convicted of a non-existent offense. Thus, he cannot meet the requirements of the savings clause.

### *Conclusion*

Because Petitioner does not meet the "savings clause" and has not been granted permission to file a second or successive habeas petition by the Fourth Circuit, this Court is without jurisdiction to entertain Arnold's claim. Therefore, **IT IS RECOMMENDED** that Arnold's complaint be **DENIED AND DISMISSED for lack of jurisdiction**.

### *Objections*

**Under the provisions of 28 U.S.C. §636(b)(1)(C) and**

Fed.R.Civ.P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the clerk of court. No other briefs or responses (such as supplemental objections, reply briefs etc.) may be filed. Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before he makes his final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE TO WHICH THE PARTY DID NOT OBJECT.**

THUS DONE AND SIGNED at Alexandria, Louisiana, on this 18th day of June, 2014.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE